IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIRABELLE GARZA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.  7:23-cv-00083 |
| | § | (Jury Requested) |
| CITY OF PHARR | § | |
| Defendant. | § | |

PLAINTIFF MIRABELLE GARZA'S FIRST AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE HINOJOSA:

COMES NOW, MIRABELLE GARZA, (hereinafter referred to as Plaintiff) complaining of the CITY OF PHARR (hereinafter referred to as the Defendant employer or Defendant city) and for such causes of action would respectfully show unto the Court and the Jury, as follows:

I.
**Nature of Case**

1. This is an employment discrimination case for monetary damages brought by Ms. Garza, against her former employer in violation of the laws of the United States of America, namely, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, the Americans with Disabilities Act ("ADA"), as amended, the Americans with Disabilities Act – Amendments Act  (ADA-AA) as amended, Title VII of the Civil Rights Act of 1964, as amended, and the Rehabilitation Act. Plaintiff further asserts sexual harassment and discrimination based on sex in violation of Title VII, and retaliation for reporting sexually discriminatory and harassing conduct in violation of Title VII.

## II.
## Parties

2. Plaintiff, Mirabelle Garza, is an individual residing in Edinburg, Texas.

3. Defendant, CITY OF PHARR, (the "City") is a municipality located in Hidalgo County, Texas.  Defendant City has been served with service of process by serving its mayor, the Honorable Dr. Ambrosio "Amos" Hernandez, 118 S. Cage Blvd., Pharr, Texas 78577.

4. Service of citation is requested *via Certified Mail, Return Receipt Requested.*

## III.
## Venue and Jurisdiction

5. This Court has jurisdiction to hear the merits of Ms. Garza's claims under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

6. Venue is proper in this district and division under 42 U.S.C. § 12117 (a) (incorporating 42 U.S.C. § 2000e-5(f)(3)) and 28 U.S.C. § 1391(b)(2) because the incidents that gave rise to the claims in this case occurred in the McAllen Divison of Hidalgo County, Texas.

7. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. § 1331 due to the federal question raised pursuant to the federal claims made, including claims under Title VII, the ADEA, the ADA, the ADA-AA, the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964, as amended.

## IV.
## Exhaustion of Administrative Remedies

8. Within 300 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Equal Employment Opportunity Commission alleging that the Defendant employer had committed unlawful employment practices against the Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, the Older Workers Benefit

---

Protection Act ("OWBPA"), as amended, the Americans with Disabilities Act of 1990, as amended, ("ADA-AA"),  and Title VII of the Civil Rights Act of 1964, as amended. The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows

Formal Complaint Filed:               June 4th, 2020

Notice of Right to File
A Civil Action Letter Received:      November 16th, 2022

9. On November 16th, 2022, Plaintiff received from the Equal Employment Opportunity Commission, Plaintiff's Notice of Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff's statutory claims have been filed within ninety days of its receipt. A copy of this notice is attached as Exhibit "A" and is incorporated for all purposes by reference. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

VI.
**Factual Background**

10.     On or about February 28th, 2002, Plaintiff Mirabelle Garza was hired by the City of Pharr in its Police Department. During the Plaintiff's twenty-year career, she has continued to serve the Defendant city with hard work, dedication and undivided loyalty. As a result of the Plaintiff's perseverance, she is earning approximately $98,000.00 plus fringe benefits as a Sergeant. During the last six months of the Plaintiff's employment, she has been subjected to discriminatory animus, disparate treatment, and/or a hostile work environment on account of her age (45; DOB: x/xx/1974), on account of her gender (gay) on account of her disability (injury to right knee) and/or on account of her religion (Christian/Buddhist). As a result of the Plaintiff's

age, her gender, her injuries, and religious practices, the Defendant employer began to exhibit a negative attitude towards her and her injured condition.

11. When the Plaintiff was younger and uninjured, she was treated as a valuable member of the team. However, as the Plaintiff became older and/or infirmed, the City of Pharr began to treat her as if she were "damaged goods". The Plaintiff is a qualified individual with a disability, who either with or without a reasonable accommodation, can perform the essential functions of her job.

12. During the last six months of her employment, Plaintiff was subjected to age animus, disparate treatment and/or a hostile work environment by Plaintiff's employer. Plaintiff would show that at the time of the illegal discrimination, she was in the protected class of age (45); that she was qualified for her job; that the discrimination was on account of her age, her gender, her disability, and/or for engaging in protected activity or that she was treated differently than persons outside the protected class.

13. On December 18th, 2019, Plaintiff Mirabelle Garza was injured during mandatory fitness testing. On December 25th, 2019. Plaintiff reported another on the job injury, which was not documented until December 26th, 2019. Plaintiff's doctor then placed her on light duty and she was later informed by the Assistant Chief, Juan Gonzalez that "since she really didn't do anything she could stay on full duty". It was not until after City Hall called asking about the Plaintiff's job description that the Plaintiff was placed on light duty. In the past, Plaintiff was disciplined over hearsay matters concerning minor incidents and because of this, the Plaintiff now has negative letters in her portfolio, despite there being a lack of any evidence of the comments. Other officers and/or supervisors have been in the same situation and did not receive any formal

warning other than an informal verbal warning. As such, Plaintiff was subject to discriminatory conduct and disparate treatment.

14. Thereafter, the Plaintiff requested to have certain days off and/or times off so that she could practice her religion while off duty.  Plaintiff was advised that the City could not allow such religious activities because it was an inconvenience to the department. However, the City had approved another male supervisor's schedule to be changed to administrative duties out of patrol functions so that he could be with his family after hours. This supervisor now works Monday through Friday from 8am to 5 pm. The Plaintiff's religious accommodation asked for Wednesday and Sunday to be able to partake in Church and a 15 to 20-minute break on duty to practice enlightening meditation, and this accommodation was denied.

15.    After the Plaintiff's accommodation requests, the Chief requested an inquiry over her requesting and receiving permission from one of her supervisors for her to come in at 6:00pm to 2:00am instead of working her regular shift 3:00pm to 11:00pm. The Plaintiff had worked an off-duty detail to assist another supervisor. When the Chief found out, he questioned a fellow officer Lt. Abram Robles about the policy of working off-duty details and who authorized the Plaintiff to do it. Plaintiff Mirabelle Garza was questioned and advised her supervisors that Lt. Daniel Leal allowed her to change her hours since it was common practice. The Chief later advised that this practice could no longer take place, if so, there was to be disciplinary action taken. After this directive, sergeants that the Chief had reassigned were leaving their regular shift times to work along with other male officers on the same detail the Plaintiff was told she could no longer work during her scheduled shift time.

16.     In addition, in or around December 2017, the Plaintiff was removed from her training coordinator position without reason and was told that "the Chief was looking for the best of the best". The Plaintiff was replaced with a younger male supervisor. The person that the Plaintiff was replaced with does not conduct the training as he is supposed to, instead a K-9 officer does the training. The pattern and practice the Defendant city has continuously engaged in indicates that the Plaintiff is constantly treated differently because she is a female and because she is an openly gay lesbian officer. The Plaintiff is constantly being referred to in meetings, emails and text as a "guy", "brother" or "a gent". The Plaintiff has never at any point in her career requested or demanded that she be referred to as a male, man or anything else than her gender. The Plaintiff complained to Chief Jose Luengo regarding this situation and her reasonable accommodation to end the discriminatory conduct .

17.     Plaintiff is a qualified individual that suffers from a disability, namely (an injury to her right knee). Plaintiff's disability affects a major life activity. Plaintiff can perform the essential functions of her job, with or without a reasonable accommodation. In the alternative to the extent that Plaintiff is not disabled under the Americans with Disabilities Act, as amended, Plaintiff has been perceived and/or regarded as being disabled due to her record of impairment. When Plaintiff was younger and in better health, she was treated as a valuable member of the team. However, as she began to get older and suffered more health issues, she was discriminated against.

18.  Plaintiff asserts that the true reason for her discriminatory treatment was on account of her age, and/or on account of her disability, on account of her gender, on account of her religion, on account of her sexual orientation and/or for engaging in protected activity in violation of the Age Discrimination in Employment ("ADEA"), the Americans with Disabilities Act ("ADA") and/or the Americans with Disabilities Act-Amendment Act ("ADA-AA") as amended and/or Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges that there was no legitimate

business justification for her discriminatory treatment in that the Plaintiff had always performed a satisfactory, if not exemplary job, for the Defendant employer during her employment. Plaintiff further asserts and intends to prove that the mistreatment received by Plaintiff including but not limited to, age discrimination, gender discrimination, and/or disability discrimination and/or sexual orientation discrimination among other things, was part of a pattern and practice engaged in by the Defendant city towards the Plaintiff and others similarly situated.

VII.

**Discrimination under the Rehabilitation Act**

19. To the extent Defendant receives any federal funds, Plaintiff asserts a claim under the Rehabilitation Act for discrimination.

20. Plaintiff hereby incorporates the preceding paragraphs for all purposes.

21. Plaintiff is an individual with a disability, as defined by the Rehabilitation Act, as amended, see 29 U.S.C. § 705(20).

1) Plaintiff was disabled (actually disabled and/or "regarded as" disabled) due to her injury to her right knee, which limited the major life activities of lifting, bending, performing manual tasks, and being mobile.

(2)     Plaintiff was qualified for the position of Police Sergeant;

(3)     Plaintiff suffered an adverse employment action in that she was subjected to discrimination in her employment with Defendant; and

(4)     The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination.

22. Defendant violated the REHABILITATION ACT 29 U.S.C. §794(a), as amended, by discriminating against Plaintiff because of her disability under any program or activity receiving Federal financial assistance. In doing so, Defendant acted intentionally and with deliberate indifference to Plaintiff's federally protected rights.

23. Defendant's discriminatory acts violate 42 U.S.C. §1211 *et. seq.*, as amended, which are incorporated into the REHABILITATION ACT under 29 U.S.C. §794(d).

## VI.
## DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

24. The evidence will show that:

(1) Plaintiff was disabled (actually disabled and/or "regarded as" disabled) due to her injury to her right knee, which limited the major life activities of lifting, bending, performing manual tasks, and being mobile.

(2) Plaintiff was qualified for her position of Police Sergeant;

(3) Plaintiff suffered an adverse employment action in that she was terminated; and

(4) The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination.

25. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VIII.
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12203(a) 42 U.S.C. §2000e-3(a)

26. The evidence will demonstrate that prior to her termination:

(1) Plaintiff was disabled (actually disabled and/or "regarded as" disabled) due to her right knee injury, which limited the major life activities of lifting, bending, performing and being mobile.

(2) Plaintiff was subject to an adverse employment action when she was subjected to discrimination by Defendant after informing Defendant of her injuries at work.

The protected activity caused the discriminatory treatment against Plaintiff.

### III. CAUSES OF ACTION
### <u>SEX DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION</u>
### <u>FOR REPORTING SEX DISCRIMIANTION IN VIOLATION OF TITLE VII</u>

27. Plaintiff has satisfied all procedural requirements and conditions precedent of Title VII prior to filing this claim.  Plaintiff timely filed her charge of discrimination against the City of  Pharr and Garcia with the Equal Employment Opportunity Commission on June 4th, 2020, asserting claims of sex discrimination, harassment, and retaliation.

28. Plaintiff received her EEOC right to sue letter on November 16th, 2022, and timely files this suit.

29. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

### <u>COUNT 1 – SEX DISCRIMINATION IN VIOLATION OF TITLE VII</u>

30. The evidence will show that Defendant, allowed sexual harassment and discriminated against Plaintiff based on her sex in violation of Title VII. Specifically, the evidence will show that:

    a.   Defendant City of Pharr is an "employer" under both Title VII.

    b.   Plaintiff is a member of a protected class based on sex. (gay).

    c.   Plaintiff was qualified for the position she held with Defendant.

    d.   Plaintiff was subject to an adverse employment action of continuing discrimination and a hostile work environment.

    e.   The evidence will demonstrate that Plaintiff was treated less favorably than male co-workers who were not subjected to the same treatment she was and were subjected to discrimination.

31. The City of Pharr's discriminatory conduct was targeted at Plaintiff because of her sexual orientation.  Defendant took no actions to correct or prevent the City from taking sexually discriminatory acts towards Plaintiff including sexual comments.

32. Plaintiff realleges and incorporates the factual allegations set out above as if fully stated herein.

**COUNT 2 – RETALIATION FOR REPORTING SEX DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII AGAINST DEFENDANT CITY OF PHARR**

33. The evidence will show that Defendant City of Pharr retaliated against Plaintiff because she complained about sex discrimination, in violation of Title VII and the Texas Labor Code. Specifically:

   a.   City of Pharr is an "employer" under both Title VII.

   b.   Plaintiff engaged in protected activity. (Reporting sexually discriminatory and harassing conduct)

   c.   An adverse employment action occurred. (Plaintiff was subjected to a change in the terms and conditions of her employment through the severe and pervasive pattern of sexually discriminatory comments)

   d.   A causal link exists between the protected activity and the adverse employment action. (The City of Pharr continued to make sexual comments towards Plaintiff despite her telling the individuals to stop.)

34. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

**X.**
**RESPONDEAT SUPERIOR**

35. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment.  Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## XI.
## DAMAGES

36. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, she is entitled to recover at least the following legal damages:

> (1) Lost wages, past and future;
>
> (2) Compensatory Damages, including harm to professional reputation inconvenience, and mental anguish suffered in the past, and which, in all reasonable probability, which will be suffered in the future. She further seeks damages based on any damage to her reputation because she was improperly subjected to discriminatory treatment which resulted in damages to her business reputation;
>
> (3) Injunctive and/or equitable relief to which she would be entitled
>
> (4) Reasonable attorney fees, expert fees and costs.

## XII.
## ADMINISTRATIVE FILINGS

37. Plaintiff filed her original verified complaint with the Equal Employment Opportunity Commission dually alleging that the Defendant had committed an unlawful employment action against Plaintiff.

38. Thereafter, Plaintiff received a Right to Sue letter the EEOC on her charge, giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A."** Plaintiff timely filed her Plaintiff's Original Complaint.

## XIII.
## ATTORNEY FEES

39. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel.  Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

(1) Preparation and trial of the claim, in an amount the jury deems reasonable;

(2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

(3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

(4) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and

(5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIV.
## <u>JURY DEMAND</u>

40. Plaintiff further demands a trial by jury.  A jury fee has been tendered.

## XV.
## <u>PRAYER FOR RELIEF</u>

41. WHEREFORE, Mirabelle Garza requests Defendant be cited to appear and answer, and

that on final trial, Plaintiff  have judgment against Defendant as follows:

(1) judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both front and back pay and/or equitable relief to include reinstatement, if feasible);

(2) judgment against Defendant for compensatory damages in the maximum amount allowed by law;

(3) equitable and/or injunctive relief to which she would be entitled;

(4) pre-judgment and post-judgment interest at the maximum allowed by law;

(5) costs of suit, including attorneys' fees; and

(6) such other and further relief, both at law and in equity, to which Garza may be
    justly entitled.

Respectfully submitted,

**LAW OFFICES OF
JOSE G. GONZALEZ**

4129 N. 22nd Street, Suite 8

McAllen, Texas 78504
Telephone:(956) 731-4324
Facsimile: (956) 731-4327

By:*/s/ Carlos E. Hernandez Jr.*

Carlos E. Hernandez, Jr., Of Counsel
State Bar No. 00787681
Attorneys for Plaintiff Mirabelle Garza

## CERTIFICATE OF CONFERENCE

On May 25th, 2023, I Carlos E. Hernandez, Jr., spoke with Defense attorney, Joshua Duane H.
Neece, in connection with filing Plaintiff's First Amended Complaint. Mr. Navarro indicated that
he is unopposed to the filing of this First Amended Complaint.

*/s/ Carlos E. Hernandez, Jr.*

**Carlos E. Hernandez, Jr.**

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing instrument is being served upon all counsel of record via the court *CM/ECF* system and via electronic mail on May 25th, 2023.

Ricardo J. Navarro
State Bar No. 14829100
So. District Id No. 5953
Denton Navarro Rocha Bernal & Zech, P.C.
701 E Harrison, Suite 100
Harlingen, TX 78550
956-421-4904
Fax: 956-421-3621
Email: rjnavarro@rampagelaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Joshua Duane H. Neece
State Bar No. 24116819
So. District Id No. 3657894
Denton Navarro Rocha Bernal & Zech, PC
701 E Harrison, Suite 100
Harlingen, TX 78550
956-421-4904
Fax: 956-421-3621
Email: jdhneece@rampagelaw.com
ATTORNEY TO BE NOTICED

*/s/ Carlos E. Hernandez, Jr.*
Carlos E. Hernandez, Jr.